Evan S. Strassberg (8279)
VANTUS LAW GROUP, P.C.
3165 East Millrock Drive, Suite 160
Salt Lake City, Utah 84121
Telephone: (801) 833-0500
Facsimile: (801) 931-2500

Attorneys for Plaintiff Graham Wood

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GRAHAM WOOD, a Canadian citizen,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PINNACLE SECURITY, LLC, a Utah limited liability company,<br><br>　　　　　　Defendant. | **COMPLAINT & JURY DEMAND**<br><br>Case No. _____<br><br>Judge _____ |

Plaintiff Graham Wood, by and through his undersigned counsel of record, hereby complains of defendant Pinnacle Security, LLC and for causes of action alleges as follows:

### PARTIES

1. Plaintiff Graham Wood ("Wood") is an individual residing in Edmonton, Alberta, Canada. Wood is a Canadian citizen.

2. Defendant Pinnacle Security, LLC ("Pinnacle") is a Utah limited liability company with its principal place of business located in Utah County, State of Utah. Upon information and belief, no member of Pinnacle is a citizen or resident of Canada.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Wood and Pinnacle and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Pinnacle because it regularly transacts business in the State of Utah.

5. Additionally, Pinnacle has consented to jurisdiction in the State of Utah. See Independent Contractor Agreement, Feb. 10, 2009, ¶ 15.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(a)(2), pursuant to the parties' agreement. See id.

## GENERAL ALLEGATIONS

7. Pinnacle is in the business of marketing, selling, installing and monitoring home and commercial security systems.

8. On or about February 10, 2009, Pinnacle and Wood entered into an Independent Contractor Agreement (the "Original Agreement"), pursuant to which Wood was hired as Pinnacle's Regional Manager and Area Manager in Canada.

9. In January 2010, Pinnacle and Wood executed the First Amendment to Regional Manager/Area Manager Independent Contractor Agreement (the "First Amendment").

10. Among other things, the First Amendment changed the termination date of the Original Agreement from August 31, 2011 to August 31, 2010.

11. In the First Amendment, Pinnacle agreed, *inter alia*, that:

During the term of this Agreement and for a period of three years following the

termination of this Agreement, [Pinnacle] shall not, directly or indirectly, recruit, solicit, induce, or influence (or seek to induce or influence) any person managed by [Wood] prior to the termination of this Agreement to accept employment with or otherwise perform services for [Pinnacle] or any of [Pinnacle's] affiliates.

First Amendment, ¶ 5.1

12. Pinnacle has breached paragraph 5.1 of the First Amendment by recruiting, soliciting, inducing, or otherwise influencing or seeking to induce or influence, persons that Wood managed to perform services for Pinnacle. Upon information and belief, the first such breach occurred in the early summer of 2010.

13. Pinnacle further agreed in the First Amendment that it would pay Wood certain compensation and bonuses based upon agreed-upon formulae.

14. Pursuant to the Original Agreement and the First Amendment, Pinnacle was obligated to make significant compensation and bonus payments to Wood on or before February 28, 2011.

15. Pinnacle failed to make the February 28, 2011 compensation and bonus payments, which Wood is informed and believes exceed $75,000.

16. Pinnacle further agreed in the First Amendment that, no later than April 30, 2010, it would offer Wood a plan pursuant to which Wood could acquire an equity interest in Pinnacle. See First Amendment, ¶ 3.3.

17. Pinnacle failed, by April 30, 2010, to offer Wood any plan pursuant to which he could acquire any equity interest in Pinnacle.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

18. Wood repeats, re-alleges, and incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

19. Wood had performed all obligations required of him under the Original Agreement and the First Amendment prior to any breach by Pinnacle, or was otherwise excused from any performance obligations not completed.

20. Pinnacle has breached its obligations under the Original Agreement and the First Amendment by, *inter alia*: (a) failing to make required payments due and owing to Wood, the amount of which is believed to exceed $75,000; (b) recruiting, soliciting, inducing, or otherwise influencing or seeking to induce or influence, persons that Wood managed to perform services for Pinnacle; and (c) failing to offer Wood a plan pursuant to which he could acquire an equity interest in Pinnacle.

21. As a direct and proximate result of Pinnacle's breaches of the Original Agreement and the First Amendment, Wood has been damaged in an amount to be proven at trial, but in no event less than $75,000. Wood is also entitled, pursuant to the Independent Contractor Agreement, to recover the costs and reasonable attorneys' fees incurred.

## SECOND CAUSE OF ACTION
### (Breach of Good Faith and Fair Dealing)

22. Wood repeats, re-alleges, and incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

23. The Original Agreement, as modified by the First Amendment, contains an implied covenant that each party would act in good faith towards each other so that each party

could enjoy the full benefits of the contractual relationship.

24. Pinnacle has, as described above, willfully acted unfairly and breached the implied covenant of good faith and fair dealing by taking actions to impair or destroy Wood's ability to obtain the benefit of the parties' contractual bargain.

25. As a direct and proximate result of Pinnacle's breach of the implied covenant of good faith and fair dealing, Wood has been damaged in an amount to be proven at trial, but in no event less than $75,000. Wood is also entitled, pursuant to the Independent Contractor Agreement, to recover the costs and reasonable attorneys' fees incurred.

### THIRD CAUSE OF ACTION
**(Declaratory Relief)**

26. Wood repeats, re-alleges, and incorporates the allegations contained in the foregoing paragraphs as though fully set forth herein.

27. As a result of the actions described above, Pinnacle has breached its obligations under the Original Agreement and the First Amendment by, *inter alia*: (a) failing to make required payments due and owing to Wood, the amount of which is believed to exceed $75,000; (b) recruiting, soliciting, inducing, or otherwise influencing or seeking to induce or influence, persons that Wood managed to perform services for Pinnacle; and (c) failing to offer Wood a plan pursuant to which he could acquire an equity interest in Pinnacle.

28. Pinnacle claims that Wood breached the Original Agreement and First Amendment by, among other things, failing to perform his obligations as a regional manager.

29. As a result, there exists an actual judicial controversy between Wood and Pinnacle such that the Court's declaration of the parties' status and rights with respect to the Original Agreement, as modified by the First Amendment, is necessary.

30. In particular, Wood is entitled to a declaration from this Court that Wood is no longer bound by any of the substantive terms of the Original Agreement or the First Amendment based on Pinnacle's above-referenced breaches.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Graham Wood prays for relief as follows:

1. On the First and Second Causes of Action against Defendant Pinnacle Security, LLC for damages in the minimum amount of at least $75,000;

2. On the Third Cause of Action for a declaration that Wood is no longer bound by any of the substantive terms of the Original Agreement or the First Amendment based on Pinnacle's above-referenced breaches;

3. For attorneys' fees and costs as allowed by the parties' agreement;

4. For pre- and post-judgment interest as allowed by law; and

5. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all matters and issues so triable.

RESPECTFULLY SUBMITTED this 17th day of August 2011.

VANTUS LAW GROUP, P.C.


By: _____/s Evan S. Strassberg_____
Attorneys for Plaintiff Graham Wood